UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

M<span>ATTHEW</span> P<span>ENALOZA</span> et al.,

        Plaintiff,                      Case No. 1:20-cv-825

v.                                      Honorable Robert J. Jonker

U<span>NITED</span> S<span>TATES OF</span> A<span>MERICA</span> et al.,

        Defendants.
_____/

## ORDER OF TRANSFER

       This is a civil rights action brought by eight federal prisoners under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).  Plaintiffs are presently incarcerated at the United States Penitentiary (USP) Lee, located in Jonesville, Lee County, Virginia.  The events giving rise to Plaintiffs' action occurred at that facility.  Plaintiffs sue the United States of America and the following USP Lee officials:  Warden J. C. Streeval, Captain Unknown Kimmerman, Lieutenant B. Parson, Lieutenant M. Hamilton, Unit Manager D. Hughes, Psychologist Dr. Unknown Bailey, and Medical Staff Member B. Parker.

       In their *pro se* complaint, Plaintiffs allege that Defendants have subjected them to living conditions which constitute cruel and unusual punishment. Plaintiffs claim that they have been denied proper cleaning supplies, sufficient clean clothing, and access to recreation, medical care, and a law library.  Plaintiffs further claim that their toothpaste has expired, so that it is no longer FDA approved, and that they have been denied a stool or ladder to access the top bunk.

       Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise

to the claim occurred. 28 U.S.C. § 1391(b). The events about which Plaintiffs complain occurred in Lee County, Virginia. Defendants are public officials serving in Lee County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Lee County is within the geographical boundaries of the Western District of Virginia. 28 U.S.C. § 102(a). In these circumstances, venue is proper only in the Western District of Virginia. Therefore:

**IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1406(a). It is noted that this Court has not decided Plaintiffs' motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiffs' complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

Dated: September 15, 2020 /s/ Ray Kent
Ray Kent
United States Magistrate Judge